**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jana M. O'Barr, et al., | No. CV-19-0006-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| IDS Property Casualty Insurance Company, | |
| Defendant. | |

Plaintiffs Jana M. O'Barr and Brian A. O'Barr (together, the "Plaintiffs") initiated this action against IDS Property Casualty Insurance Company (the "Defendant") in the Maricopa County Superior Court. (Doc. 1-3) The Defendant removed the case to this Court on January 2, 2019 based on diversity jurisdiction. (Doc. 1) Plaintiffs now move for remand to the Maricopa County Superior Court. (Doc. 9)

Federal courts may exercise removal jurisdiction over a case only if subject-matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of establishing subject-matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). For diversity cases, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). There is a "strong presumption against removal jurisdiction," which "must be rejected if there is any

doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1107 (9th Cir. 2010).

The Supreme Court has concluded that, under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *Hoarau v. Safeco Ins. Co. of Am.*, 2017 WL 3328078, at 1 (D. Ariz. Aug. 4, 2017). When a defendant's assertion of the amount in controversy is challenged, then both sides submit evidence on the issue, and the Court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *Dart Cherokee Basin*, 135 S. Ct. at 554 (stating "Evidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id*. Courts may consider evidence of jury awards or judgments in similarly situated cases to make an amount in controversy determination. *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 757, 578 & n.4 (D. Ariz. 2003).

The Plaintiffs argue that this case must be remanded to the Maricopa County Superior Court because the case does not involve the amount in controversy necessary to satisfy diversity jurisdiction. 28 U.S.C. § 1332(a). Specifically, the Plaintiffs argue that coverage under the insurance policy at issue is limited to $50,000, and the Defendant has not provided sufficient evidence to show that the amount in controversy exceeds $75,000. (Doc. 9 at 2, 3–5) In response, the Defendant argues that "Plaintiffs have alleged in their complaint that their 'damages likely place them in Tier 3,' that is, that the damages likely exceed $300,000." (Doc. 11 at 3) The Defendant argues that this indication is sufficient to establish the amount in controversy for diversity jurisdiction. (Doc. 11 at 3)

1    First, the Court notes that the Defendant's representation that the Plaintiffs alleged that their damages are in excess of $300,000 in the complaint is factually incorrect. In the civil cover sheet completed upon the filing of the complaint, the Plaintiffs indicated that this case falls under "Tier 2" of Rule 26.2 of the Rules of Civil Procedure for the Superior Courts of Arizona. (Doc. 1-3 at 3) Under Rule 26.2, cases may be assigned to tiers based on certain characteristics of the case, such as complexity and the amount of anticipated discovery, or the sum of the relief sought in the complaint. Ariz. R. Civ. P. 26.2(c). Rule 26.2(c)(3)(B) states "Tier 2. Actions claiming more than $50,000 and less than $300,000 in damages are permitted standard discovery as described for Tier 2." Ariz. R. Civ. P. 26.2(c)(3)(B). In refuting the Defendant's argument, the Court finds that the Plaintiffs never made the allegation that their damages were likely to exceed $75,000 in the complaint.

Next, the Defendant attempts to argue that awards in similar cases have exceeded $75,000; however, the Defendant's argument is incomplete. (Doc. 11 at 3–4) In support of this argument, the Defendant provides the Court with a letter sent from Plaintiffs' counsel in which Plaintiffs' counsel cites to a case labeled "Federici v. IDS" in which a jury awarded the plaintiff in that case $35,000 in economic damages and $300,000 in bad faith damages. (Doc. 11-1 at 13) However, at no point in the letter does Plaintiffs' counsel assert that the damages awarded in the "Federici" case are analogous to those being sought in the present case. Therefore, the Defendant's argument on this basis must fail, and the Court finds that the Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

///
///
///
///
///
///

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Remand (Doc. 9) is **granted**; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Superior Court and terminate this case.

Dated this 20th day of May, 2019.

_____
Honorable Steven P. Logan
United States District Judge